**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERICA SHINGARA, et al., Plaintiffs, v. DANVILLE PSPCA, et al., Defendants. | CIVIL ACTION NO. 3:26-CV-01398 (MEHALCHICK, J.) |

**MEMORANDUM**

Before the Court is an action initiated by *pro se* Plaintiffs Erica Shingara and Adam Shingara (together, "Plaintiffs") against Defendant Danville PSPCA and Director of Danville PSPCA (together, "Defendants"). (Doc. 1; Doc. 2). On May 28, 2026, the Court dismissed Plaintiffs' complaint without prejudice instructing Plaintiffs to file an amended complaint within twenty-one days, on or before Thursday, June 17, 2026. (Doc. 8). Since that date, Plaintiffs have failed to file an amended complaint. This action will be **DISMISSED** for failure to prosecute.

## I. Background and Procedural History

Plaintiffs allege that they are the sole owners of three medical support animals that Defendants seized based on a fraudulent order. (Doc. 2). Plaintiffs further claim that Defendants are illegally detaining Plaintiffs' three animals and have moved to put at least one of the animals up for adoption. (Doc. 2). Plaintiffs claim that Defendants have violated their Fourth Amendment and Fourteenth Amendment rights as well as the protections afforded to them under the Americans with Disability Act ("ADA"). (Doc. 2).

On May 12, 2026, Plaintiffs initiated this action by filing a motion to proceed *in forma pauperis* and a document entitled "Emergency Petition for Writ of Replevin and Motion for a

Temporary Restraining Order" against Defendants.[1] (Doc. 1; Doc. 2). In the document, Plaintiffs requested that the Court issue "a stay of adoption" for the three animals, order the U.S. Marshals or local Sheriffs to seize and return the animals to them, and require PSPCA to provide the locations of the other two animals. (Doc. 2). Pursuant to 28 U.S.C. § 1915, the Court liberally construed Plaintiffs' filing as a complaint and screened the complaint accordingly. (Doc. 8, at 2); *see* 28 U.S.C. § 1915(e)(2)(B)(ii). In the Order, the Court concluded that Plaintiffs failed to state any actionable claims under the Fourth or Fourteenth Amendment, and ADA. (Doc. 8, at 3-4). Further, the Court denied Plaintiffs' request for emergency injunctive relief without prejudice because the filing did not satisfy the well-pleaded complaint rule.[2] (Doc. 8, at 7); *see* *Tunsil v. Taylor*, No. 1:25-CV-00879, 2025 WL 1872490, at *4 (M.D. Pa. July 7, 2025) (denying a motion for a preliminary injunction because the case did not have an operative complaint). On May 28, 2026, the Court granted Plaintiffs' motion to proceed *in forma pauperis* and dismissed Plaintiffs' complaint without prejudice instructing Plaintiffs to file an amended operative complaint within twenty-one days. (Doc. 8, at 7). To date, Plaintiffs have failed to respond to or otherwise follow the Court's Order.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *See* *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also* *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same).

---

[1] This matter was initially filed in the Eastern District of Pennsylvania but transferred to the Court on May 21, 2026. (Doc. 7).

[2] The Court also took note that Plaintiffs appeared to have used generative artificial intelligence ("AI") in writing their initial pleading. (Doc. 8, at 7; *see* Doc. 2).

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute their action, and therefore, the action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b).

A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *see Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between

the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)).

## III. Discussion

### 1. Plaintiffs' Personal Responsibility

The Court finds that the first *Poulis* factor, the extent of Plaintiffs' personal responsibility, weighs in favor of dismissal because the delays in this case are entirely attributable to Plaintiffs. 747 F.2d at 868. Plaintiffs have failed to file an operative complaint. Plaintiffs have further failed to respond to the Court's order or otherwise show why this case should not be dismissed. (Doc. 8). Accordingly, the first *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

### 2. Prejudice to the Moving Party

The second *Poulis* factor assesses whether there is prejudice to the moving party. 747 F.2d at 868. Although the Defendants have filed no motion or response since the filing of the emergency motion, the Court finds that the second factor weighs in favor of dismissal. A finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that Plaintiffs' failure to respond to the Court's instructions has frustrated and delayed resolution of this action. Going forward, such failure to litigate would prejudice Defendants because Defendants could not seek a timely resolution of the case. *See Vessio v. Saw Creek Ests. Cmty. Ass'n, Inc.*, No. CIV.A. 3:13-2068, 2014 WL 6065924, at *5 (M.D. Pa. Nov. 6, 2014) (finding the second *Poulis* factor favors dismissal when a plaintiff failed to

engage in litigating the claims). Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

**3. History of Dilatoriness**

The third *Poulis* factor, the history of dilatoriness on the Plaintiffs' part, is a neutral factor in this case. While Plaintiffs have begun to demonstrate a pattern of dilatoriness, failure to comply with one or two court orders does not constitute a full history of dilatoriness. *See Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (stating "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'"). However, "no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed." *Moffa v. Yellen*, No. 1:22-CV-565, 2023, WL 8361793, at *3 (M.D. Pa. Nov. 13, 2023), *report and recommendation adopted Moffa v. Yellen*, No. 1:22-CV-00565, 2023 WL 8359904 (M.D. Pa. Dec. 1, 2023).

**4. Willful Conduct or Bad Faith**

The fourth *Poulis* factor, willful conduct or bad faith also weighs in favor of dismissal. 747 F.2d at 868. The fourth *Poulis* factor requires the Court to consider whether Plaintiffs' conduct reflects mere inadvertence or negligence, as opposed to "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). Here, Plaintiffs' failure to file an amended complaint, after receiving time to do so, demonstrates a "complete indifference" to directives of the Court, giving rise to contumacious, bad-faith behavior. *Dively v. Seven Springs Farm, Inc.*, No. CIV.A. 3:10-126, 2012 WL 1865414, at *5 (W.D. Pa. Apr. 23, 2012) (finding that a party's "complete indifference" to court supported a

finding of bad faith); *see Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) (stating a the "[a]bsence of reasonable excuses may suggest that the conduct was willful or bad faith.") (citing *Ware*, 322 F.3d at 224). Thus, the fourth *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

**5. Availability of Alternative Sanctions**

The fifth *Poulis* factor, the effectiveness of sanctions other than dismissal, weighs in favor of dismissal. 747 F.2d at 868. Dismissal is appropriate, however, where no effective alternative sanction exists. *See Briscoe*, 538 F.3d at 263; *see also New-Howard v. JP Morgan Chase Bank, NA*, 660 F. App'x 144, 148 (3d Cir. 2016) (affirming dismissal with prejudice when plaintiff failed to comply with pretrial orders which prejudiced defendant's preparations for trial). When a plaintiff is proceeding *pro se* no alternative sanctions other than dismissal exist "because monetary sanctions, including attorney's fees, "would not be an effective alternative."" *Briscoe*, 538 F.3d at 263 (citing *Emerson*, 296 F.3d at 191). The signs of dilatoriness exhibited in this case leads the Court not to expect compliance from Plaintiffs. *Mindek*, 964 F.2d at 1374 (noting that a district court "may find it necessary to dismiss a litigant's complaint as a sanction for repeated failure to satisfy court orders"). Accordingly, the fifth *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

**6. Meritoriousness of Plaintiffs' Claims**

The final *Poulis* factor, the meritoriousness of Plaintiffs' claims, weighs in favor of dismissal. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263

(citing *Poulis*, 747 F.2d at 869–70). Here, the Court is unable to determine the meritoriousness of Plaintiffs' claims because, assuming for the sake of argument that Plaintiffs' claims have merit, consideration of this factor cannot save their case because they are now wholly noncompliant with their obligations as litigants. *Snyder v. Bender*, No. 1:09-CV-927, 2010 WL 5109655, at *5 (M.D. Pa. Nov. 16, 2010), *report and recommendation adopted as modified, Snyder v. Bender*, No. 1:09-CV-0927, 2010 WL 5110556 (M.D. Pa. Dec. 9, 2010). Accordingly, the sixth *Poulis* factor weighs in favor of dismissal.

### 7. Balancing the *Poulis* factors

The *Poulis* factors weigh heavily in favor of dismissal. 747 F.2d at 868. When weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal. *Briscoe*, 538 F.3d at 263. Instead, "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222. Here, on balance, the *Poulis* factors weigh heavily in favor of dismissal of this action for lack of prosecution. Accordingly, the Court will dismiss this action for failure to prosecute. (Doc. 2).

## IV. CONCLUSION

For these reasons, this action is **DISMISSED without prejudice** to Plaintiffs' ability to file a separate action. *See McMillen v. Wetzel*, No. 3:20-CV-192, 2022 WL 4940050, at *1 (W.D. Pa. Oct. 4, 2022) (dismissing a case with prejudice for failure to prosecute when the *Poulis* factors weighed in favor of dismissal and the plaintiff failed to respond to court orders); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *see also Murrell v. Michael*, No. 1:20-CV-113, 2021 WL 3115422, at *1 (M.D. Pa. July 22, 2021) (finding that further leave to amend would be futile because the plaintiff had been previously granted leave to

amend and did not file an amended pleading). The Clerk of Court is directed to **CLOSE** this matter.

An appropriate Order follows.

**BY THE COURT:**

**Dated: September 25, 2026**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**